UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASWANT SINGH, individually and dba GRANT MARKET, RAJINDER KAUR, individually and dba GRANT MARKET,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01437-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED[1]<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>(Doc. No. 10) |

Pending before the Court is Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b) filed April 21, 2025. (Doc. No. 10, "Motion"). Defendants have not answered or responded to the Complaint, nor have they filed any opposition or taken any actions in this case. The Court found the Motion suitable for disposition without oral argument under Civil Local Rule 230(g) and vacated the hearing scheduled for May 30, 2025. (Doc. No. 11). For the reasons set forth below, the undersigned recommends that Plaintiff's Motion for Default Judgment be granted.

////

////

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

I. BACKGROUND

On January 23, 2020, Plaintiff Jose Acosta commenced this action by filing a Complaint against Defendant Jaswant Singh, individually and doing business as Grant Market, and Rajinder Kaur, individually and doing business as Grant Market (collectively referred to as "Defendants"), pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. (Doc. No. 1, "Complaint"). Plaintiff seeks an award of statutory damages, costs of suit, attorney's fees, litigation expenses, injunctive or preventative relief, and interest at the legal rate from the date of filing of the Complaint. (*Id.* at 8-9).

The Complaint sets forth the following facts in support of Plaintiff's claims. Plaintiff is a person with physical disabilities and is "substantially limited in his ability to walk," which requires his use of a wheelchair for mobility. (*Id* at 2, ¶8). Defendants are the alleged owners, operators, or lessors of Grant Market (hereinafter referred to as "the Facility") which is located at 6945 W. Shields Avenue, Fresno, California, 93723. (*Id.* at 1, ¶¶1-2 and 2, ¶7). The Facility is open to the public and intended for non-residential use, and its operation affects commerce. (*Id.*, at 2, ¶9). On or about April 18, 2024, Plaintiff, who lives less than twenty miles from the Facility, visited the Facility to purchase refreshments and snacks, but "barriers" prevented him from accessing their "goods, services, privileges and accommodations." (*Id.* at 2-3, ¶10). Specifically, the accessible parking stall markings were extremely faded and the stall lacked an access aisle, forcing Plaintiff to unload from his vehicle in the path of vehicular traffic, Plaintiff had to travel through the vehicular drive to reach the entry walkway because the direct route was obstructed; the aisles inside the facility were too narrow for Plaintiff's wheelchair, he had to seek help from a cashier to get a soda because he could not navigate down the aisle; and the transaction counter was too high which made it difficult for Plaintiff to pay for his purchase from his wheelchair-seated position. (*Id.*). As a result, Plaintiff was deterred from visiting the Facility but states he will return once the barriers are removed. (*Id.* ¶12).

Plaintiff filed proof of service of summons for Defendant Jaswant Singh, individually and doing business as Grant Market, and Defendant Rajinder Kaur, individually and doing business as

1   Grant Market, on December 17, 2024.  (Doc. Nos. 4, 5).  Defendants never appeared or answered.
2   *See* docket.  On January 20, 2025, Plaintiff requested the Clerk of Court enter a Rule 55(a) clerk's
3   default against Defendants.  (Doc. No. 6).  The Clerk of Court entered the default on January 21,
4   2025.  (Doc. No. 7).  On April 21, 2025, Plaintiff filed the instant Motion seeking a default
5   judgment as to all Defendants.  (Doc. No. 10).

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the clerk of court's entry of default under 55(a).  The court cannot enter default judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  If the court determines service was proper, the court is bound by to undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment.  Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue decisions on the merits.  (*Id*).

After the clerk enters a default, the court shall accept "as true all factual allegations in the complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x. 868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1 (E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements that constitute conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### B.    The *Eitel* Factors

#### 1.  Defendants Were Properly Served with Process

Defendants were properly served, and the Clerk of Court lawfully entered defaults against

Defendants. (Docs. Nos. 4, 5, 7). Service is effectuated under Federal Rule of Civil Procedure 4(e) by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." California law permits service of the summons and complaint by personal service or by leaving them with a "competent member of the household or a person apparently in charge of his or her office [or] place of business," among other methods. Cal. Code Civ. P. § 415.10-20. All methods require that the service be handled by an individual who is not a party to the action. (*Id.*).

### a. Jaswant Singh

The record reflects a registered process server personally served Defendant Jaswant Singh on December 12, 2024. (Doc. No. 4). California permits service by personally serving a copy of the summons and complaint on the defendant. *See* Cal. Civ. Proc. Code § 415.10; *see also* Fed. R. Civ. P. 4(e). Therefore, because service on Jaswant Singh complies with California law and the proof of service was filed, Defendant Jaswant Singh was properly served consistent with Fed. R. Civ. P. 4.

### b. Rajinder Kaur

The record reflects a registered process server personally served Defendant Rajinder Kaur on December 12, 2024. (Doc. No. 5). California permits service by personally serving a copy of the summons and complaint on the defendant. *See* Cal. Civ. Proc. Code § 415.10; *see also* Fed. R. Civ. P. 4(e). Therefore, because service on Jaswant Singh complies with California law and the proof of service was filed, Defendant Jaswant Singh was properly served consistent with Fed. R. Civ. P. 4.

### 2. Application of the Six *Eitel* Factors

#### a. Potential Prejudice to Plaintiff

The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, Plaintiff claims he wishes to patronize the Defendants'

1  Facility and will continue to suffer discrimination due to his disability without recourse against
2  the Defendants. The "[p]otential prejudice to the plaintiff militates in favor of granting default
3  judgment." *Solis v. Orland Sand & Gravel Corp*., 2013 WL 85403, at *3 (E.D. Cal. Jan. 8,
4  2013). The first *Eitel* factor therefore weighs in favor of default judgment.

        b. <u>The Underlying Claim's Merits and Sufficiency</u>

   The court next weighs the merits and sufficiency of Plaintiff's Complaint. Default judgment will only be granted if plaintiff's complaint states a claim that supports the desired relief. *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021). While well-plead "allegations in the complaint are admitted by a defendant's failure to respond, 'necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Soto v. Rio Gary II, L.P.*, 2022 WL 112047, *2 (C.D. Cal. Jan. 12, 2022) (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

   Plaintiff's Complaint alleges Defendants violated Title III of the ADA, which provides that in public places of accommodation "[n]o individual shall be discriminated against on the basis of disability." 42 U.S.C. § 12182(a). To prevail on a Title III ADA claim, plaintiff "must establish that: (1) he is disabled within the meaning of the ADA; (2) [defendants] are a private entity that owns, leases, or operates a place of public accommodation; and (3) [defendants] discriminated against him by denying him public accommodations because of his disability." *Lopez v. Catalina Channel Express, Inc*., 974 F.3d 1030, 1033 (9th Cir. 2020).

   The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities ... [,] a record of such an impairment [,] or being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities as defined by the ADA include walking and standing. *Id*., § 12102(2). Plaintiff represents he is "physically disabled" and requires the use of a wheelchair for mobility. (Doc. No. 1 at 2, ¶8). Accepting the allegation as true, Plaintiff is deemed to have physical impairment that substantially limits the major activity of walking and standing and therefore is disabled within the meaning of the ADA.

   Plaintiff, who lives less than twenty miles from the Facility, arrived at the Facility on or about April 18, 2024, with the intention of patronizing the business. (*Id*. at 2-3, ¶10). Plaintiff

1  encountered three barriers: (1) the accessible parking stall markings were extremely faded and the
2  stall lacked an access aisle, forcing Plaintiff to unload from his vehicle in the path of vehicular
3  traffic, and Plaintiff had to travel through the vehicular drive the reach the entry walkway because
4  the direct route was obstructed; (2) the aisles inside the Facility were too narrow for Plaintiff's
5  wheelchair so he could not navigate around the store; and (3) the transaction counter at the
6  Facility was too high which made it difficult for Plaintiff to pay for his purchase from his
7  wheelchair-seated position. (*Id*.).  As a result, the aforementioned barriers interfered with
8  Plaintiff's use and enjoyment of the goods, services, privileges, advantages, and accommodations
9  at the Facility and deterred him from visiting the Facility.  (*Id*. at 3).

10  Plaintiff claims he is disabled under the ADA and his depiction of the Facility is one of
11  public accommodation.  Despite the Facility being a place of public accommodation, Plaintiff was
12  unable to access the Facility's services due to architectural barriers.  Such barriers to access are
13  "discrimination" under the ADA.  42 U.S.C. § 12182(b)(2)(A)(iv).  Because these facts are taken
14  as true following Defendants' entry of default, Plaintiff has stated a *prima facie* Title III
15  discrimination claim.

16  Plaintiff's Complaint is similarly sufficient under the other statutes also cited in his
17  Complaint.  Under California's Unruh Civil Rights Act, "disabled" people are "entitled to the full
18  and equal accommodations, advantages, facilities, privileges, or services in all business
19  establishments of every kind whatsoever." Cal Civ. Code, § 51(b).  California Health and Safety
20  Code § 19955 mandates that all public accommodations constructed in California comply with
21  the requirements of California Government Code § 4450, which states that all "sidewalks, curbs,
22  and related facilities … shall be accessible to and usable by persons with disabilities." Cal. Gov.
23  Code, § 4450(a).  California Health and Safety Code § 19959 requires non-exempt public
24  accommodations constructed prior to July 1, 1970 that are later altered or structurally repaired to
25  comply with the California Health and Safety Code.  Plaintiff's Complaint alleges he was denied
26  equal accommodation to Defendants' businesses despite California law requiring they be
27  accessible to him.  Plaintiff has therefore adequately stated a claim under these laws.

28  While Plaintiff's Complaint is largely boilerplate, his allegations are taken as true due to

6

1  Defendants' default. Therefore, Plaintiff sufficiently pled his claims and demonstrated that they
2  have merit. *Trujillo v. GH Food Mart, Inc.*, 2020 WL 4697139, at *4 (E.D. Cal. Aug. 13, 2020).
3  Plaintiff's Complaint meets the low bar to put Defendants on notice by providing enough factual
4  details to determine how he was denied full and equal enjoyment of the Facility. *See Whitaker v.*
5  *Tesla Motors, Inc.*, 985 F.3d 1173, at 1177 (9th Cir. 2021) (holding that a complaint cannot recite
6  legal conclusion and the elements of an ADA claim but must put a defendant on notice by
7  alleging sufficient factual details to determine how a plaintiff was denied full and equal
8  enjoyment of the premises); *see also Gilbert v. HBA Enter., Inc.*, 2022 WL 2663761 (E.D. Cal.
9  Jul. 8, 2022); *Trujillo*, 2022 WL 2236932.  As such, the second *Eitel* factor weighs in favor of
10 default judgment.

   c. The Amount of Money at Stake

12 Plaintiff seeks a default judgment of $4,000.00 plus $3,744.76 in attorney's fees and costs.
13 Default judgment is "is disfavored where large amounts of money are involved." *Christofferson*
14 *v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16,
15 2020), report and recommendation adopted sub nom. *Christofferson, v. All Pure Pool Serv. of*
16 *Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020).  Given the rather modest sum and
17 attorney's fees requested, the Court finds the third factor weighs in favor of default judgment.

   d. The Possibility of a Factual Dispute

19 The Clerk of Court's entry of default requires this Court to accept Plaintiff's well-pled
20 factual allegations as true.  Despite being properly served, Defendants have failed to appear,
21 answer, or otherwise respond.  Thus, the only facts before the Court are those presented by
22 Plaintiff in the Complaint, which are well-pled and must be accepted as true.  There is
23 accordingly no factual dispute. *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at
24 *2 (E.D. Cal. Aug. 22, 2016).  Thus, the fourth *Eitel* factor does not preclude entry of a default
25 judgment.

   e. Whether the Default Resulted from Excusable Neglect

27 Defendants were properly served yet none have appeared since service was effectuated.
28 When service is proper it suggests there was not excusable neglect. *USA Truck, Inc. v. Jugan*

*Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), report and recommendation adopted, 2020 WL 3451580 (E.D. Cal. June 24, 2020).  The Court therefore finds this fifth *Eitel* factor weighs in favor of default judgment.

      f. <u>The Court's Overriding Preference to Issue Decisions on the Merits</u>

  *Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472.  Here, with no appearance from Defendants, there is no reasonable possibility of deciding this matter on the merits.  Because this sixth and each of the above *Eitel* factors overwhelmingly weigh in favor default judgment, the undersigned recommends the district court grant Plaintiff's Motion for Default Judgment.

    3. <u>Terms of the Judgment and Proof of Damages</u>

      a. <u>Injunctive Relief</u>

  Plaintiff seeks injunctive relief requiring Defendants to make a change and alteration to their businesses.  (Doc. No. 10-1 at 5-7).  For Title III ADA violations "only injunctive relief is available."  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  Injunctive relief "may be granted when architectural barriers at defendant's establishment violate the ADA."  *Kraus v. Rattu*, 2020 WL 526105, at *5 (E.D. Cal. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 1274269 (E.D. Cal. Mar. 17, 2020).  Plaintiff alleges the Facility was designed or constructed after January 26, 1993; therefore the 1991 ADA Standards for Accessible Design apply for purposes of determining whether a barrier existed. (Doc. No. 1 at 5, ¶23).  However, because any remedial work to the Facility will occur after March 15, 2012, Plaintiff submits the 2010 standards govern any injunction.  (Doc. No. 10-1 at 5).

  A plaintiff bears the initial burden to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances.  *Lopez*, 974 F.3d at 1038.  A plaintiff is not required to give precise cost estimates or give specific designs for the proposed accommodations. *Id*.  Plaintiff identifies three barriers: a lack of a properly identified accessible parking stall connected to the Facility entrance via an accessible route without obstacle, inaccessible routes through the interior of the Facility, and an inaccessible sales counter in the Facility.  (Doc. No. 10-1 at 5-6).  As an initial matter, "Plaintiff's allegation that the

1    removal of barriers is readily achievable is sufficient at this juncture." *Anglin v. Barron*, 2017
2    WL 5713375, at *4 (E.D. Cal. Nov. 28, 2017) (collecting cases).  Moreover, the undersigned
3    finds removal of these barriers is readily achievable within the meaning of the ADA.  *See* 28
4    C.F.R. § 36.304(b) (examples of readily achievable steps to remove barriers include
5    "repositioning shelves"; "rearranging tables, chairs, vending machines, display racks, and other
6    furniture"; and "creating designated accessible parking spaces"); *see also Parr v. L & L Drive-Inn*
7    *Restaurant*, 96 F. Supp. 2d 1065, 1088 (D. Hi. 2000) (finding that creating an accessible route
8    from the accessible parking spaces to the building entrance as readily achievable); *Whitaker v.*
9    *Sheikh*, 2020 WL 1262023, at *6 (E.D. Cal. Apr. 28, 2022) ("Courts regularly treat overly high
10   sales counters as falling within § 36.304(b)(3)'s example of repositioning shelves."); *Castillo-*
11   *Antonio v. Dabwan*, 2022 WL 210395, at *7 (finding plaintiff adequately pled removal of
12   barriers, including height of the service counter and narrow aisle width, is readily achievable).
13          Accepting Plaintiff's allegations as true and considering Defendants' nonresponse, the
14   undersigned finds Plaintiff is entitled to the requested injunctive relief requested.  The
15   undersigned accordingly recommends injunctive relief requiring Defendants, within sixty (60)
16   days of the district court's order, to remove the barriers by providing: (1) a properly configured
17   accessible parking stall connected to the Facility entrance via an accessible route as required by
18   1991 ADAAG § 4.6; (2) accessible routes of travel down the merchandise aisles as required by
19   1991 ADAAG § 4.3.3; and (3) an accessible sales and service counter as required by 1991
20   ADAAG § 7.2.
21                  b.   Statutory Damages
22          California's Unruh Act provides "that a plaintiff subjected to discrimination is entitled to
23   recover $4,000.00 for each occasion on which the plaintiff was denied equal access." *Pomponio*
24   *v. Budwal*, 2020 WL 3497007, at *6 (E.D. Cal. June 29, 2020), report and recommendation
25   adopted, WL 5764376 (E.D. Cal. Sept. 28, 2020); Cal. Civ. Code § 52(a).  Here, the Court
26   recommends granting Plaintiff a default judgment on his Unruh Act claim.  Plaintiff alleges he
27   was denied equal access when he visited the Facility on April 18, 2024. Accordingly, the
28

undersigned recommends Plaintiff be awarded $4,000.00 in statutory damages.

### c. Attorney's Fees and Costs of Litigation

Both the ADA and the California Health and Safety Code permit the recovery of attorney's fees and costs upon receiving injunctive relief. 42 U.S.C. § 12205; California Civil Code § 54.3; *Pomponio*, 2020 WL 3497007 at *6. Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). When "calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not reasonably expended by counsel. *McDonald v. Navy Exch. Serv. Command*, 691 F. App'x 448, 449 (9th Cir. 2017) (internal quotations omitted).

Plaintiff's counsel seeks an award of $3,014.50[2] for total billable time spent by the Moore Law Firm, plus $760.26 for costs and litigation expenses. (Doc. No. 10-1 at 7-9). The billable time encompasses (1) $1,830.00 for 6.1 hours worked by attorney Tanya E. Moore at an hourly rate of $300; and (2) $1,184.50 for 10.3 hours worked by paralegal Whitney Law at an hourly of $115. (Doc. No. 10-1 at 8-9; Doc. No. 10-3 at 2-4).

#### i. Billable Time

Plaintiff's counsel provided the Court with the time entries detailing the firm's efforts in this matter. (Doc. No. 10-3 at 2-4). Those entries do not indicate time was unreasonably expended. While certain paralegal entries include calendaring deadlines, these tasks were dependent upon a review of the Court's Orders; and thus, do not appear to justify reductions as merely clerical functions. The Court previously recognized in December 2022 that a paralegal hourly rate of $115.00 was reasonable. *Trujillo v. 4B Market Incorporated, et al.*, 2022 WL 17667894 (E.D. Cal. Dec. 14, 2022); *findings and Recommendations adopted in full*, 2022 WL 18027841 (E.D. Cal. Dec. 30, 2022). Similarly, this Court additionally has previously determined

---

[2] Plaintiff's Motion repeatedly miscalculates the paralegal Whitney Law's billable time as totaling $1,154.50 for 10.3 hours at the hourly rate of $115.00. (See Doc. No. 10-1 at 8-9). However, the "inventory of time" submitted at Exhibit A supports the proper calculation of $1,184.50 for Ms. Law's billable time. (Doc. No. 10-3 at 2-4, Ex. A). Thus, correct total award for billable time spent by the Moore Law Firm is $3,014.50. And the correct total award sought for attorney's fees and costs is $3,774.76.

in December 2020 that a $300.00 hourly rate was reasonable where the lead attorney has considerable experience in ADA matters. *Id*. Ms. Moore has been an attorney for over 20 years with the last 10 years specially practicing in "disability access litigation." (Doc. No. 10-2 at 2). Because both the time spent and rate requested are reasonable, the undersigned recommends Plaintiff's counsel be awarded $3,014.50 in attorney's fees.

### ii. Litigation Expenses and Costs

Plaintiff moves to recover litigation expenses and costs of $760.26. (Doc. No. 10-3 at 6-11). Plaintiff has attached receipts for the court filing fee, a pre-filing investigation, and process server fees, which are recoverable under the ADA. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453, at *7 (E.D. Cal. July 14, 2017); *Moralez v. 76 Orinda*, 830 F. App'x 209, 210 (9th Cir. 2020); 42 U.S.C. § 12205. The receipts include: (1) invoice dated December 16, 2024 for $41.30 by One Legal Process for service on Rajinder Kaur (Doc. No. 10-3 at 6); (2) invoice dated December 16, 2024 for $87.76 charged by One Legal Process for the service on Jaswant Singh (Doc. No. 10-3 at 7); (3) receipt dated November 22, 2024 for $405.00 for this Court's filing fees (Doc. No. 10-3 at 9); and (4) invoice dated November 16, 2024 for $226.20 by Aurele Ventures LLC for a pre-filing investigation. (Doc. No. 10-2 at 3; Doc. No. 10-3 at 11). These receipts total $760.26. Accordingly, the Court recommends that Plaintiff be awarded the sum of $760.26 for litigation expenses and costs.

Below is a summary of the total amount in attorney fees and costs the undersigned recommends be awarded to Plaintiff's counsel:

| Professional | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Ms. Tanya E. Moore | $300 | 6.1 | $1,830.00 |
| Ms. Whitney Law | $115 | 10.3 | $1,184.50 |
| Costs and Expenses | | | $760.26 |
| | | **Total** | $3,774.76 |

11

Accordingly, it is **ORDERED**:

Plaintiff **must** mail a copy of these findings and recommendations to defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of this order.

It is further **RECOMMENDED**:

Plaintiff's Motion for Default judgment (Doc. No. 10) be **GRANTED as follows**;

1. Judgment be entered in Plaintiff's favor and against Defendants;
2. Plaintiff be awarded statutory damages in the amount of $4,000;
3. Plaintiff be awarded attorney's fees, litigation expenses and costs in the amount of $3,774.76; and
4. Defendants be required within sixty (60) days of the district court's order, to remove the barriers by providing: (1) a properly configured accessible parking stall connected to the Facility entrance via an accessible route as required by 1991 ADAAG § 4.6; and (2) accessible routes of travel down the merchandise aisles as required by 1991 ADAAG § 4.3.3; and (3) an accessible sales and service counter as required by 1991 ADAAG § 7.2.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    May 14, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE